# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID L. SEGERS, | CASE NO. 5:16-cv-2017 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | MEMORANDUM OPINION |
| NANCY BERRYHILL[1], Acting Commissioner of Social Security, | |
| DEFENDANT. | |

Plaintiff David L. Segers ("plaintiff" or "Segers") appeals from the decision of the Acting Commissioner of Social Security ("defendant" or "Commissioner"), denying his application for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB"). The matter was referred to Magistrate Judge Thomas M. Parker for the preparation of a Report and Recommendation ("R&R"). The Magistrate Judge's R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 21.) Plaintiff has filed objections to the R&R (Doc. No. 22 ["Obj."]), and the Commissioner has filed a limited response. (Doc. No. 23 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I. **STANDARD OF REVIEW**

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires *de*

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

*novo* review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the administrative law judge ("ALJ") applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (citation omitted); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854-55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006) (quotation marks and citation omitted).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and

where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (additional citation omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## II. THE ALJ'S DECISION AND THE R&R

The R&R recommends that the April 30, 2015 decision of the Administrative Law Judge ("ALJ"), which became the final decision of the Commissioner following administrative review, be affirmed. In advancing the recommendation, the Magistrate Judge rejected plaintiff's arguments that: (1) the hypothetical question posed to the vocational expert ("VE") was based on insufficiently vague parameters; (2) the VE deviated from the *Dictionary of Occupational Titles* without obtaining testimony explaining the reasoning for the conflict; and (3) the residual functional capacity ("RFC") does not appropriately accommodate all of plaintiff's limitations and is not supported by substantial evidence.

In his decision, the ALJ followed the familiar five-step sequential evaluation process for determining whether an individual is disabled. At step two, the ALJ determined that plaintiff had

3

the following "severe combination of impairments: left eye blindness and status-post retinal detachment and repair of the right eye." (Doc. No. 17 ["ALJ Decision"]) at 95[2], citation omitted.) The ALJ found that the combination of these impairments "has more than a minimal effect on the claimant's ability to perform work related functions." (*Id.*) At step three, the ALJ found that Segers did not have an impairment or combination of impairments that met or equaled the severity of one of the impairments listed in the governing regulations. (*Id.* at 96.)

Between steps three and four, the ALJ crafted an RFC that permitted a range of work at all exertional levels but with restrictions that prohibited the climbing of ladders or scaffolds, exposure to hazardous machinery, and commercial driving, and limited the climbing of stairs. Significant to plaintiff's objections, the ALJ's RFC prohibited the reading of fine print and permitted the reading of newsprint "for up to 20 minutes at a time[.]"[3] (*Id.*) At step four, the ALJ applied his RFC and found that plaintiff was capable of performing past relevant work as a telephone salesperson, and that he was not, therefore, disabled within the meaning of the Social Security Act. (*Id.* at 99-100.)

With respect to plaintiff's vagueness argument, the Magistrate Judge found that the hypothetical question posed to the VE that permitted reading of newsprint "for up to 20 minutes at a time" was not unreasonably vague because it described both the type of reading material ("newspaper print") and the specific range of time the hypothetical individual would be able to read (not more than 20 minutes at a time). (R&R at 620.) In doing so, the Magistrate Judge

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] The RFC also prohibited exposure to unprotected heights, limited the use of instructions to those that could be read or verbally given in 20 minutes or less, restricted any writing to that which could be performed in a "setting with lighting similar to that of a typical office environment[,]" and permitted performing only occasional near visual acuity. (ALJ Decision at 96.)

4

distinguished case law relied on by plaintiff where hypothetical questions lacked any specific details regarding the limitations under consideration. (*Id.* at 621-23, citing, among authority, *Cook v. Comm'r of Soc. Sec.*, No. 1:14-cv-1320, 2016 WL 369490 (W.D. Mich. Feb. 1, 2016)). The R&R ultimately concluded that the RFC that flowed from the answer to the hypothetical question was supported by substantial evidence. (*Id.* at 631-32.)

### III. PLAINTIFF'S OBJECTIONS

In his first objection, plaintiff complains that the Magistrate Judge only addressed a portion of his vagueness argument, and "did not consider [p]laintiff's claim that [the hypothetical question and the RFC] lack specificity regarding how much reading in a workday or workweek [p]laintiff can perform."[4] (Obj. at 634.) According to plaintiff, the hypothetical question (and the resulting RFC) are susceptible to a number of interpretations, including one that would permit almost unlimited reading throughout the day, provided that nominal breaks were afforded between each 20 minute interval. The ALJ's failure to account in his RFC for the total cumulative amount of reading in a workday or workweek, plaintiff posits, renders the ALJ's decision unreviewable.

The Court begins with the law governing the RFC and use of hypothetical questions. The RFC represents the most a claimant can do despite his limitations. *See* 20 C.F.R. § 416.945(a)(1). A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner and based upon all of the relevant evidence in the record. *See* 20 C.F.R. §§

---

[4] The R&R did address plaintiff's claim that he could not sustain work on a regular basis because the breaks he would require after reading for a 20 minute period would put him off task for much of the day. The ALJ noted that this claim was only supported by plaintiff's subjective complaints, which the ALJ found to be not entirely credible. (R&R at 631-32.) The Magistrate Judge correctly observed that credibility determinations regarding a claimant's subjective complaints are matters reserved for the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted).

404.1545(a)(2), 416.927(d)(2). The claimant bears the burden of proof during the first four stages of the analysis, including proving his RFC. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citation omitted); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

A hypothetical question is valid if it includes all credible limitations developed prior to step five. *See Casey v. Sec. of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (citation omitted); *Donald v. Comm'r of Soc. Sec.*, No. 08-14784-BC, 2009 WL 4730453, at *7 (E.D. Mich. Dec. 2009); *see also Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (a hypothetical question must comprehensively set forth the physical and mental impairment that the ALJ accepts as true and significant). When the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). However, where the ALJ relies upon the answer to a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a resulting finding of disability is not based on substantial evidence. *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994) (citation omitted).

In support of his objection, plaintiff relies upon an unreported decision out of the Western District of Michigan. In *Cook*, the ALJ's hypothetical question to the VE assumed a prohibition on "prolonged walking." *Cook*, 2016 WL 369490, at *3. The court found that the hypothetical question suffered from a lack of specificity because it required a court "to review a wide range of possible definitions for 'prolonged walking.'" *Id*. In doing so, the court rejected the defendant's suggestion that the limitation should be understood as merely incorporating the plaintiff's

testimony that he could walk no more than fifteen to twenty minutes because there was no indication in the record that the general "prolonged walking" language was a translation of the plaintiff's more specific testimony. *Id.* at *4.

Unlike the situation presented in *Cook*, it is clear that the "up to twenty minutes" limitation came from plaintiff's own hearing testimony on his reading limits. (Doc. No. 17 Hearing Transcript ["Tr."]) at 116 ["But if I sit down to read a normal book, I can go approximately 20 minutes and then that [rain-like curtain over his eye] gets so thick and full it blocks my vision and then I have to get up, go do something else, 10, 15 minutes, I'm back and I can repeat that."].) The language adequately and precisely reflects plaintiff's hearing testimony, and contains specific, quantifiable, and easily understood parameters, making it considerably less vague than the "prolonged walking" limitation in *Cook*. Moreover, it would be unreasonable to interpret the hypothetical or the ALJ's RFC as permitting only nominal or *de minimis* breaks. The fact that a range of "up to" a certain number of minutes was imposed implies that a reasonable break after any reading period must follow. To employ plaintiff's proffered interpretation that the 20 minute reading period may be immediately repeated after only a perfunctory break would render the time limitation set forth in the RFC meaningless.

Further, plaintiff has failed to point to any medical or anecdotal evidence in the record that would have dictated that the RFC include a provision allowing for lengthy breaks between reading periods or a maximum capacity for reading in any workday or workweek. Plaintiff's own testimony was that he could return to reading within 10 to 15 minutes after reading for up to 20 minutes. (*Id.*) Plaintiff has not met his burden of demonstrating that the ALJ was required to include a limitation requiring a substantial break after reading or a daily limit on reading, and,

7

therefore, the reasonable break implied in the ALJ's RFC is sufficient. *See Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 170 (6th Cir. 2016) (record did not support a limitation that plaintiff had to elevate her feet during workday).

While most language can be improved upon and greater clarity and detail is always preferred, the Court finds that the hypothetical question posed to the VE and the ALJ's RFC were not so vague as to inhibit meaningful review. *See, e.g., Miller v. Soc. Sec. Admin.*, No. 3:14-2274, 2015 WL 4394800, at *9 (M.D. Tenn. July 16, 2015) (noting that it is only necessary that the ALJ's explanation, in the context of the decision as a whole, afford an opportunity for meaningful review so that the reviewing court can ensure that the decision is supported by substantial evidence); *see also Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (reviewing courts are not sanctioned to require remand to obtain the perfect administrative decision) (citation omitted); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result.") (citations omitted). Plaintiff's first objection is overruled.

For the same reasons, plaintiff's second objection—that the RFC is not supported by substantial evidence—lacks merit. Plaintiff argues that the "ALJ assigned an almost unlimited capacity for reading[,]" but the Court has determined that such an interpretation is not reasonable and there is no indication in the record that the ALJ intended his RFC to permit unlimited reading of newsprint throughout the day. (Obj. at 638.) While plaintiff points out that medical evidence established that he has been blind in his left eye since birth and that he has suffered a detached retina in his right eye requiring surgery, the ALJ noted both of these in his decision.

8

(ALJ Decision at 95, 97, record citations omitted.) However, the ALJ concluded that, notwithstanding these limitations, the record evidence demonstrated that plaintiff retained the capacity to perform his past relevant work.[5] (*Id*. at 99.) Because this determination is supported by substantial evidence and involved the application of the correct legal standards, it is affirmed. *See Kyle*, 609 F.3d at 854 (citation omitted); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981)).

## IV. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled, and the R&R is accepted. The Commissioner's decision to deny disability benefits is affirmed and this case is closed.

**IT IS SO ORDERED**.

Dated: September 19, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] Though noting that the "claimant's medically determinable impairments could reasonably be expected to cause some" of the symptoms Segers alleged, the ALJ provided specific reasons, supported by the record evidence, as to why he did not find all of plaintiff's allegations entirely credible. (ALJ Decision at 97-99.)